[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife 44, and the defendant husband, 46, married on October 30, 1982 in Norwalk, Connecticut. The parties resided in this state throughout the marriage. One child was born issue of the marriage, Allison Bridget d.o.b. November 1, 1987 The parties have reached a stipulation as to custody and visitation which the court approves and which will be ordered as part of the judgment.
The plaintiff was employed performing office work until she CT Page 4193 was eight months pregnant. She thereafter remained at home for a period of time caring for their child.
The defendant was in the construction business with his father building homes in the New Canaan area from the time he withdrew from college. The business prospered until 1988. From then until 1990 the defendant continued to build houses but none sold. The defendant's father died in 1990. Eventually, the mortgagees began collection. The defendant filed a bankruptcy petition pursuant to Chapter 7 The plaintiff never participated in the defendant's business in any manner. All business decisions were made solely by the defendant.
The parties owned a home in joint names. It was acquired with the defendant's funds and a mortgage for $110,000.00 The defendant paid $55,000.00 and raised the balance by a mortgage, closing title one month before the parties marriage, but taking title as joint tenants.
The defendant's interest in the home became subject to the Bankruptcy Court. The plaintiff challenged that court's authority to order a judicial sale of the premises including her interest as the non-debtor wife, In re Paul A. Bernier, Debtor, et al, 176 Bankruptcy Reporter 967 (1995). The plaintiff failed to prevent the sale which was held. The defendant received his $7,500.00 homestead exemption realizing about $2,000.00 in cash. The defendant's remaining equity was applied to satisfy his creditors. The plaintiff received her equity of approximately $120,000.00 She purchased an auto for $18,000.00 and has been living off the proceeds. There is approximately $54,000.00 left.
The plaintiff's suit held up the liquidation of the family home for about five years, enabling them to remain in the house until April 1996 when the final separation occurred. Each party had an explanation for the marriage breakdown. The court finds responsibility for the causes of the breakdown are to be shared equally.
The plaintiff and their daughter are living in a studio apartment in an in-town motel in Old Saybrook, Connecticut, costing $190.00 weekly for which the plaintiff receives heat and all utilities. The plaintiff had been attending college part-time.
The defendant is currently working as a carpenter. His current job is building stands for fish tanks for a Fairfield Pet CT Page 4194 Store. He lists $250.00 weekly net wages. He has as assets his tools and some miscellaneous personal property valued at $2,000.00. He has been paying $100.00 weekly child support. Based on his current income and the plaintiff's zero income, the child support guidelines call for $68.00 weekly.
The defendant seeks a share of the plaintiffs funds derived from the bankruptcy sale. The defendant's bankruptcy except for the homestead allowance, caused the defendant's assets to be appropriated for the benefit of the debtor's estate. The plaintiff had no hand in the business decisions leading to the defendant's bankruptcy. To award the defendant a portion of the remaining proceeds would reward the defendant and allow the defendant to enjoy an asset at the expense not only of his wife but also at the expense of his creditors. The plaintiff was not holding her interest in the property as a resulting trustee for the defendant's benefit.
Both parties have health problems.
The court, having reviewed the evidence in light of the applicable statutes and case law, enters judgment dissolving the marriage on the ground of irretrievable breakdown and the following orders
1. Custody and visitation is ordered as the agreement of the parties states, copy of same attached hereto and incorporated herein.
2. The defendant shall pay to the plaintiff the sum of $68.00 as weekly child support.
3. Each party shall pay $1.00 per year periodic alimony to the other, until the death of either party, the remarriage of the payee, or further court order.
4. The plaintiff shall retain her assets free of any claim by the defendant.
5. The defendant shall retain his assets free of any claim by the plaintiff.
6. The plaintiff shall be solely responsible for her two debts. CT Page 4195
7. The defendant shall be solely responsible for his debts listed on his financial affidavit
The clerk's office is asked to prepare the judgment, file.
HARRIGAN, J.
DN # 151048 Superior Court LINDA BERNIER v. Stamford/Norwalk at Stanford PAUL BERNIER DATE: APRIL, 16, 1998
AGREEMENT
Plaintiff and defendant shall have joint legal custody of the child, Allison, with primary physical residence with the plaintiff. Plaintiff shall not relocate outside the State of CT. with the minor child. The defendant shall pay the sum of $100.00 per week child support to the plaintiff. The parties agree the current pendente lite child support increases owe $134.86, which defendant shall pay at the rate of $20.00 per week. The husband shall have visitation every weekend with the child. The parties shall alternate major holidays for visitation.
Monetary orders comply with the Family Support Guidelines: Yes __ No __
If the orders deviate from the Guidelines, state the reasons forthe deviation: